JOURNAL ENTRY and OPINION
{¶ 1} Appellant David Hess appeals the sentence the trial court imposed. The historical facts of Hess are set forth sufficiently in State v. Hess (July 10, 2003), Cuyahoga App. No. 82254. This appeal involves Hess' most recent attempt to overturn his sentence. He assigns the following errors for our review:
 {¶ 2} "I. The trial court failed to properly advise defendant of post-release control in violation of due process and that portion of defendant's sentence should be vacated."
 {¶ 3} "II. The sentence imposed by the trial court is not supported by clear and convincing evidence in the record, is not consistent with similar sentences imposed for similar offenders in violation of the overriding principles of Ohio's sentencing plan, and is contrary to law."
 {¶ 4} "III. Defendant was convicted of menacing by stalking in violation of his Fourth Amendment right to due process because R.C. 2903.211 is unconstitutional, vague and overbroad."
 {¶ 5} Having reviewed the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.
 {¶ 6} On June 15, 2002, the Cuyahoga County Grand Jury indicted Hess on one count of menacing by stalking, a fourth degree felony, seven counts of telecommunication harassment, and two counts of intimidation and assault, all first-degree misdemeanors. After extensive pretrial negotiations, Hess pled guilty to one count of menacing by stalking and one count of telecommunication harassment. The trial court sentenced him to one year in prison along with post-release controls.
 {¶ 7} Thereafter, Hess appealed the sentence the trial court imposed and this court upheld the sentence. We found the trial court made the proper findings to impose a prison term for a fourth-degree felony. However, we found the trial court erred in imposing more than the minimum sentence on Hess, who had not previously served a prison term, without finding on the record that the shortest prison term demeaned the seriousness of the conduct or would not adequately protect the public from future crime; thus, this court remanded for re-sentencing.
 {¶ 8} On remand, the trial court re-sentenced Hess to the original prison term of one year, which he has since served. Hess now appeals.
 {¶ 9} In the first assigned error, Hess contends the trial court failed to properly advised him of discretionary post-release control. We disagree.
 {¶ 10} In Woods v. Telb,[1] the Ohio Supreme Court upheld the constitutionality of the post-release control statutes, and held pursuant to R.C. 2967.28(B) and (C), a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence.
 {¶ 11} R.C. 2967.28 provides that offenders are subject to terms of post-release control depending upon the degree and type of crime committed. R.C. 2967.28(B) provides that post-release control is mandatory for first and second degree felonies, felony sex offenses, and third degree felonies that are not sex offenses but during which the defendant caused or threatened physical harm, and it specifies the length of post-release control for each degree of felony. R.C. 2967.28(C) provides that post-release control is discretionary for certain third, fourth or fifth degree felonies not subject to R.C. 2967.28(B), if the parole board determines that a period of post-release control is necessary for that offender.
 {¶ 12} A review of the record indicates on three separate occasions the trial court informed Hess of discretionary post-release control. First, on October 15, 2002, when Hess pled guilty, the trial court informed him if sent to prison, upon his release he may be subject to supervision by the Adult Parole Authority for up to three years. Further, the court cautioned this could lead to additional incarceration, asked Hess if he understood, and he said he did.[2]
 {¶ 13} Second, on November 18, 2002, when the trial court originally sentenced Hess to prison, it reminded him that upon release from prison he would be subject to up to three years of post-release control by the Adult Parole Authority. The court specifically warned that any further misbehavior, further criminal activities, or any contact while under supervision of the Adult Parole Authority could result in additional incarceration.[3]
 {¶ 14} Finally, on December 6, 2002, at the re-sentencing hearing the trial court informed Hess he would be sentenced to the original twelve months incarceration followed by three years of post-release control.[4]
 {¶ 15} We conclude the trial court adequately complied with its obligation to inform Hess of post-release control. Accordingly, the first assigned error lacks merit and is overruled.
 {¶ 16} In the second assigned error, Hess contends his sentence was not supported by clear and convincing evidence in the record and was not consistent with similar sentences imposed for similar offenders. We decline to address this assigned error because Hess has already served the sentence imposed and thus it is moot.[5]
 {¶ 17} In the third assigned error, Hess contends it was a violation of his due process rights because he was convicted of violating an unconstitutional, vague and overbroad statute. We decline to address this assigned error because it is barred by virtue of res judicata.
 {¶ 18} Under the doctrine of res judicata, a final judgment of conviction bars a defendant who had counsel from litigating in any proceeding, except an appeal from that judgment, any defense or claim of lack of due process that was raised or could have been raised at trial or on direct appeal.[6]
 {¶ 19} Hess has previously appealed to this court and we affirmed his conviction.[7] Further, we have previously held that R.C. 2903.211 is not unconstitutionally vague and overbroad.[8] Accordingly, the third assigned error lacks merit and is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Gallagher, J., concur.
[1] (2000), 89 Ohio St.3d 504, 2000 Ohio 171.
[2] Tr. at 7-8.
[3] Tr. at 34.
[4] Tr. at 42.
[5] See State v. Blivens (Sept. 30, 1999), Lake App. No. 98-L-189; see, also, State v. Bailey (Nov. 16, 2000), Cuyahoga App. No. 76685.
[6] State v. Perry (1967), 10 Ohio St.2d 175, 180.
[7] State v. Hess (2000), 89 Ohio St.3d 504, 2000 Ohio 171.
[8] State v. Francway (Aug. 17, 1995), Cuyahoga App. No. 68116.