OPINION
{¶ 1} Defendant-appellant, George E. Gann, appeals the decision of the Butler County Common Pleas Court resentencing him on four counts of illegal use of a minor in nudity-oriented material. We affirm the trial court's decision.
 {¶ 2} On August 16, 2001, appellant was indicted on six counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1); six counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C.2907.323(A)(3); two counts of attempted unlawful sexual conduct with a minor, a violation of R.C. 2923.02(A); two counts of compelling prostitution in violation of R.C. 2907.21-(A)(3); and one count of disseminating matter harmful to juveniles in violation of R.C.2907.31(A)(1). The charges arose from allegations that appellant contacted several teenage girls via the Internet and, among other things, offered them money for sexual acts.
 {¶ 3} Appellant was convicted of four counts of illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323-(A)(3), two counts of attempted unlawful sexual conduct with a minor, and two counts of compelling prostitution. He was found not guilty of the remaining charges.
 {¶ 4} Appellant appealed the convictions and the imposition of consecutive sentences to this court. This court reversed and vacated the convictions for compelling prostitution but otherwise affirmed appellant's convictions and his sentence. See State v. Gann, Butler App. No. CA2002-05-110, 2003-Ohio-4000. Because two of the convictions had been vacated, this court remanded the matter to the trial court for "resentencing and any other action that may be required as a result of this opinion."
 {¶ 5} A resentencing hearing was held on January 9, 2004. The trial court eliminated the sentences on the two vacated counts, and again sentenced appellant to four consecutive 11-month prison terms on the counts of illegal use of a minor in nudity-oriented material. Appellant appeals this sentence, raising one assignment of error and a supplemental assignment of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "The trial court erred in sentencing [appellant] to consecutive sentences of imprisonment on counts 2, 8, 10, and 14."
 {¶ 8} In his first assignment of error, appellant contends that the imposition of consecutive sentences on the four counts of illegal use of a minor in nudity-oriented material violates double jeopardy principles.
 {¶ 9} In his prior appeal, appellant challenged his sentence, arguing that the trial court failed to make the necessary findings to support the imposition of consecutive sentences. Although the issue was argued before the trial court, appellant did not raise the double jeopardy challenge on appeal. This court affirmed the imposition of consecutive sentences, finding that the trial court complied with the statutory requirements when sentencing appellant. However the matter was remanded to the trial court for resentencing as appellant's convictions on two other counts were vacated.
 {¶ 10} On remand, the trial court imposed the identical, consecutive prison sentences on the four counts of illegal use of a minor in nudity-oriented material. The trial court rejected appellant's double jeopardy argument on res judicata grounds, noting that this court had affirmed the imposition of consecutive sentences.
 {¶ 11} We agree with the trial court's conclusion that res judicata bars appellant from raising this argument. Under the doctrine of res judicata, a final judgment of conviction bars a defendant who had counsel from litigating in any proceeding, except an appeal from that judgment, any defense or claim of lack of due process that was raised or could have been raised at trial or on direct appeal. State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus.
 {¶ 12} Because appellant previously appealed to this court and we affirmed the imposition of consecutive sentences, his double jeopardy argument is barred by the doctrine of res judicata. Accord State v.Hess, Cuyahoga App. No. 83819, 2004-Ohio-5214 (on appeal following remand for resentencing, doctrine of res judicata barred consideration of defendant's constitutional claim that could have been raised on direct appeal); State v. Fair, Cuyahoga App. No. 82278, 2004-Ohio-2971 (res judicata barred defendant from raising issue on appeal following remand for resentencing where in prior appeal defendant did not argue the alleged error). Appellant's first assignment of error is overruled.
 {¶ 13} Supplemental Assignment of Error:
 {¶ 14} "The trial court erred violated [sic] Mr. Gann's right to a jury trial as guaranteed under the Sixth and Fourteenth Amendments to the Constitution of the United States and Aritcle I, Section 5 of the Constitution of the State of Ohio in imposing nonminimum, consecutive sentences based on a factual determination not made by a jury or admitted by Mr. Gann, and not proven beyond a reasonable doubt."
 {¶ 15} Appellant argues in his supplemental assignment of error that his Sixth and Fourteenth Amendment rights to a jury trial were violated when the trial court imposed greater than minimum and consecutive sentences. In support of his position, appellant cites the recent United States Supreme Court decision of Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531. Both Blakely, 542 U.S. ___, 124 S.Ct. 2536, and its forerunner, Apprendi v. New Jersey (2000), 530 U.S. 466, 490,120 S.Ct. 2348, 2362, found that "[o]ther than the fact of a prior conviction, any fact that increases a penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."
 {¶ 16} This court has previously held that Blakely does not apply to Ohio's sentencing scheme. See State v. Berry, Butler App. No. CA2003-02-053, 2004-Ohio-6027. Further, Ohio courts have consistently found that neither Blakely nor Apprendi are implicated by the imposition of consecutive sentences. See State v. Taylor, Lake App. No. 2003-L-165,2004-Ohio-5939, ¶ 26; State v. Jenkins, Summit App. No. 22008,2005-Ohio-11, ¶ 21; State v. Madsen, Cuyahoga App. No. 82399,2004-Ohio-4895, ¶ 17; and State v. Wheeler, Washington App. No. 04CA1, 2004-Ohio-6598, ¶ 23. Blakely and Apprendi are distinguishable from the present case because the two opinions only address sentencing limitations when a single crime is committed and do not address the validity or appropriateness of sentences for multiple, separate crimes. Accordingly, appellant's supplemental assignment of error is overruled.
 {¶ 17} Judgment affirmed.
Powell, P.J., and Valen, J., concur.