DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Curtis Stearns, appeals from his sentence which was imposed as a result of his convictions in the Lorain County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On October 1, 2002, appellant was indicted by the grand jury on 26 different counts. On July 15, 2003, a bench trial commenced and appellant was subsequently found guilty of 24 charges. Appellant was found guilty of 11 counts of trafficking in cocaine, in violation of R.C.2925.03(A); 1 count of possession of cocaine, in violation of R.C.2925.11(A); 7 counts of possession of drug abuse paraphernalia, in violation of R.C. 2925.14(C)(1); 3 counts of possession of criminal tools, in violation of R.C. 2923.24(A); 1 count of permitting drug abuse in a motor vehicle, in violation of R.C. 2925.13(A); and one count of driving under suspension, in violation of R.C. 4507.02(B)(1). Appellant was sentenced to a total of seven and one-half years through a combination of concurrent and consecutive sentences. Appellant timely appealed, raising two assignments of error.
 II. Assignment of Error I
"The trial court committed plain error in re-sentencing appellant pursuant to [R.C.] 2929.14(E)(4) Because the statute violates thesixth amendment to the United States constitution and is contrary to the United States Supreme Court's decision in Blakely v. Washington (2004),124 S.Ct. 2531, 159 L.Ed.2d 403, 72 USLW 4546, and Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435."
 {¶ 3} In his first assignment of error, appellant asserts that he was sentenced under an unconstitutional provision of the Ohio Revised Code. Specifically, appellant argues that the U.S. Supreme Court ruling inBlakely v. Washington (2004), 124 S.Ct. 2531, 159 L.Ed.2d 403, mandates a finding that R.C. 2929.14(E)(4) is unconstitutional. This Court disagrees.
 {¶ 4} Because appellant failed to raise this issue in the trial court, he has argued that the trial court committed plain error in its sentencing. "The test for plain error is whether the result of the trial would have clearly been otherwise had the error not occurred." State v.Reynolds, 148 Ohio App.3d 578, 2002-Ohio-3811, at ¶ 8.
 {¶ 5} R.C. 2929.14(E)(4) provides as follows:
"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if court also finds any of the following:
"(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
"(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 6} In Blakely, the Court noted that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 124 S.Ct. at 2536, quoting Apprendiv. New Jersey (2000), 530 U.S. 466, 490, 147 L.Ed.2d 435. The Blakely
Court further found that the trial court increased the defendant's sentence beyond the statutory maximum based on a factual finding of deliberate cruelty, noting that:
"[T]he `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." (Emphasis and internal citations omitted.) Blakely, 124 S. Ct. at 2537.
Based upon this rationale, the Court found that the defendant'sSixth Amendment right to trial by jury had been violated. Id.
 {¶ 7} This Court finds Blakely to be inapplicable to the imposition of consecutive sentences. "[T]here is no constitutional right to concurrent sentences." United States v. McWaine (C.A.5, 2002), 290 F.3d 269, 276, fn. 7. As such, Blakely is not implicated in the instant case. See Statev. Taylor, 11th Dist. No. 2003-L-165, 2004-Ohio-5939, at ¶ 26 (stating that Blakely and Apprendi do not apply to consecutive sentences as long as each individual sentence does not exceed the statutory maximum); Statev. Wheeler, 4th Dist. No. 04CA1, 2004-Ohio-6598, at ¶ 23; State v.Madsen, 8th Dist. No. 82399, 2004-Ohio-4895, at ¶ 17 ("Apprendi andBlakely concern the limitations for punishment for one crime committed. They do not discuss whether the sentences for multiple, separate crimes should be served concurrently or consecutively.").
 {¶ 8} Appellant has not asserted that any of his individual sentences exceeded the maximum that a judge may impose without the finding of additional facts. Accordingly, the constitutional violation found inBlakely is not present in the instant matter. As such, appellant's first assignment of error is overruled.
 Assignment of Error II
"The trial court erred in imposing consecutive sentences upon appellant because the harm caused by appellant's multiple offenses if any was not so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would demean the seriousness of appellant's conduct."
 {¶ 9} In his final assignment of error, appellant avers that the trial court erred in imposing consecutive sentences because its findings under R.C. 2929.14(E)(4) are unsupported. This Court disagrees.
 {¶ 10} At appellant's sentencing hearing and in the trial court's judgment entry, the trial court imposed consecutive sentences upon findings under R.C. 2929.14(E)(4)(a), R.C. 2929.14(E)(4)(b), and R.C.2929.14(E)(4)(c). In his brief, appellant has not challenged the trial court's findings under R.C. 2929.14(E)(4)(a) or R.C. 2929.14(E)(4)(c). R.C. 2929.14(E)(4) by its plain language permits the imposition of consecutive sentences upon a finding under any its subsections. Therefore, even if this Court were to find that the trial court improperly found that R.C. 2929.14(E)(4)(b) was applicable to appellant, consecutive sentences would still be authorized by the trial court's findings under R.C. 2929.14(E)(4)(a) and/or R.C. 2929.14(E)(4)(c).
 {¶ 11} The record reflects that appellant has a substantial prior criminal record. He was convicted of grand larceny and burglary in 1989. In 1991, he was convicted of possession with intent to distribute crack cocaine. After being released on parole for this crime, appellant was arrested in 1997 for possession with an intent to distribute, a charge which included a firearm specification. This history alone provides an ample basis for the trial court's finding that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(E)(4)(c). Accordingly, appellant's second assignment of error is overruled.
 III. {¶ 12} Appellant's assignments of error are overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Batchelder, J.
Baird, J. Concur
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)