OPINION
{¶ 1} Defendant-appellant, Charles Allen ("Allen"), appeals the January 29, 2004 judgment entry of the Lake County Court of Common Pleas, sentencing him to serve a prison term of twenty-three years in the Lorain Correctional Institution, Grafton, Ohio. For the following reasons, we affirm the sentence imposed by the court below.
 {¶ 2} On November 5, 2003, Allen entered a plea of guilty to one count of Aggravated Robbery, a felony of the first degree in violation of R.C.2911.01(A)(1); one count of Aggravated Burglary, a felony of the first degree in violation of R.C. 2911.11(A)(1); one count of Felonious Assault, a felony of the second degree in violation of R.C. 2903.11(A)(2); and one count of Kidnapping, a felony of the second degree in violation of R.C. 2905.01(A)(2). All four counts carried a firearm specification under R.C. 2941.145.
 {¶ 3} Allen gave the following statement to the police detailing his involvement in the robbery of Gail L. Kopp at her residence in Fairport Harbor, Ohio: "The defendant was contacted by his brother, William Payne, and was asked if he wanted to go to Cleveland, Ohio, [from San Diego] and take part in a robbery. The defendant suspected that his brother was going to rob another drug dealer. * * * The defendant was given a delivery person's uniform, was told to knock on the door and when she answered, stun her with the stun gun. * * * The defendant knocked on the door and, when the victim answered, he stunned her in the neck. They made their way through the door and tied the victim up. The co-defendant began going through the residence looking for jewelry while the defendant remained with the victim and cared for her. * * * Both of them got all the jewelry and went back to Cleveland, Ohio, to the defendant's brother's house."
 {¶ 4} The trial court sentenced Allen to serve a ten-year prison term for the Aggravated Robbery count; a ten-year prison term for the Aggravated Burglary; an eight-year prison term for Felonious Assault; and an eight-year prison term for Kidnapping. The court ordered the sentences for Aggravated Burglary, Felonious Assault, and Kidnapping to be served concurrently with each other and consecutively with the sentence for Aggravated Robbery. The court also ordered an additional, consecutive term of three years for the firearm specification. Allen's aggregate sentence is for twenty-three years of imprisonment.
 {¶ 5} Allen timely appeals and raises the following assignments of error:
 {¶ 6} "[1.] The trial court violated appellant's right to equal protection and due process of law under the Fifth andFourteenth Amendments to the U.S. Constitution and under Sections 2, 10 and 16, Article I, of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B).
 {¶ 7} "[2.] The trial court ruled contrary to law when it ordered consecutive sentences.
 {¶ 8} "[3.] The trial court erred when it sentenced the defendant-appellant to maximum and consecutive sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 9} For clarity, we will address Allen's assignments of error out of order.
 {¶ 10} An appellate court reviews a felony sentence under a clear and convincing evidence standard of review. R.C. 2953.08(G)(2). An appellate court may not disturb a sentence unless the court "clearly and convincingly finds" that "the record does not support the sentencing court's findings," or that "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} "A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. R.C. 2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Id. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the court must find
the existence of one of the enumerated circumstances in R.C.2929.14(E)(4)(a) through (c)." State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 13 (emphasis sic) (footnote omitted). Pursuant to R.C. 2929.14(E)(4)(a) to (c), the court must find that "[t]he offender committed one or more of the multiple offenses while the offender was * * * under a sanction * * * [; that] [a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused * * * was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct[; or that] [t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 12} When imposing consecutive sentences for multiple offenses under R.C. 2929.14, the trial court is also required to "make a finding that gives * * * its reasons for imposing consecutive sentences." R.C.2929.19(B)(2)(c).
 {¶ 13} At the sentencing hearing, the court found that "consecutive sentences are necessary in order to protect the public or to punish the offender and they are not disproportionate to the seriousness of the offender's conduct and the danger offender poses to the public. The offenses were committed while the offender was awaiting trial. That * * * the harm was so great or unusual that no single prison term for any of the offenses committed as part of the single course of conduct adequately reflects the seriousness of the offender's conduct and the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 14} In support of these findings, the court stated that Allen "committed more than one crime at this time. That he stalked the victim * * *. That he used deception to enter the home. That he used firearms and threatened the victim with a firearm. That he used a stun gun on the victim and that she was severely injured by burns from that weapon. And that the defendant returned here from California to further the conspiracy with others. And that the victim in this case was tied up, held hostage while her home was ransacked and theft was committed of valuable items."
 {¶ 15} Allen does not argue that the trial court failed to make the findings required by R.C. 2929.14(E)(4) or that its findings were not supported by the record. Rather, Allen argues that the court did not give enough weight to the mitigating circumstances of the case: Allen's genuine remorse; Allen's "chaotic and tumultuous childhood"; Allen's attending college in California; the baleful influence and manipulation of Allen's half-brother and co-defendant in Allen's life. Cf. R.C.2929.12(C)(2) and (4) (factors indicating that the offender's conduct is less serious than conduct normally constituting the offense). We disagree.
 {¶ 16} The trial court is not required to make any findings relative to mitigating circumstances when deciding to impose consecutive sentences. Ohio's felony sentencing law only requires the trial court to "consider" the mitigating circumstances in the exercise of its discretion. State v. Glenn, 11th Dist. No. 2003-L-022, 2004-Ohio-2917, at ¶ 47 ("neither R.C. 2929.14, R.C. 2929.19, nor Comer requires a trial court to make findings on the record under R.C. 2929.12(C)[; * * *] [a] trial court is only required to consider mitigating factors") (emphasis added); accord State v. Knuff, 8th Dist. No. 80971, 2002 Ohio 6049, at ¶ 22.
 {¶ 17} In the present case, the alleged mitigating factors were narrated by Allen's attorney, Allen, and various family members at the sentencing hearing, and were detailed in the pre-sentence investigation report. The trial court found that none of the mitigating factors contained in R.C. 2929.12(C) applied to render Allen's conduct less serious than conduct normally constituting these offenses. This court has stated that "[i]t is within the trial judge's discretion to determine that no alleged mitigating factors render [a defendant's] offense less serious." Glenn, 2004-Ohio-2917, at ¶ 46. We find no error in the trial court's conclusion that the mitigating factors alleged by Allen do not lessen the seriousness of his conduct.
 {¶ 18} Allen's second assignment of error is without merit.
 {¶ 19} In his first assignment of error, Allen argues the trial court erred by imposing a sentence upon him that was not consistent with similarly situated criminals who committed similar crimes and that his twenty-three year prison sentence is not proportional to the crimes committed. Allen relies upon the express purpose of Ohio felony sentencing that sentences "shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders." R.C.2929.11(B). Allen also relies upon the Equal Protection Clauses of the United States and Ohio Constitutions.
 {¶ 20} The overriding purposes of felony sentencing in Ohio "are to protect the public from future crime by the offender * * * and to punish the offender." R.C. 2929.11(A). In addition to being consistent with other sentences imposed for similar crimes, a felony sentence must be "reasonably calculated" to achieve the overriding purposes of felony sentencing and be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim." R.C. 2929.11(B).
 {¶ 21} This court has stated that, although "a trial court is required to engage in the analysis set forth by R.C. 2929.11(B) to ensure the consistency of sentences," a court is not required "to make specific findings on the record" in this regard. State v. Newman, 11th Dist. No. 2002-A-0007, 2003-Ohio-2916, at ¶ 10. Moreover, the trial court possesses "broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines." State v. Smith (June 11, 1999), 11th Dist. No. 98-P-0018, 1999 Ohio App. LEXIS 2632, at *8.
 {¶ 22} Our review of recent cases reveals several instances of defendants receiving sentences between twenty and twenty-five years for crimes involving aggravated robbery, aggravated burglary and/or assault:State v. Watson, 8th Dist. No. 82582, 2003-Ohio-5815 (twenty-one year sentence); State v. Stadmire, 8th Dist. No. 81188, 2003-Ohio-873 (twenty-five and one-half year sentence); State v. Haskins, 6th Dist. No. E-01-016, 2003-Ohio-70 (twenty-one year sentence); State v. Palmer,148 Ohio App.3d 246, 2002-Ohio-3536 (twenty-one year sentence); Statev. Dillon, 4th Dist. No. 01CA54, 2002-Ohio-4990 (twenty year sentence).
 {¶ 23} Allen's sentence falls within the range of prescribed sentences for the crimes to which he pled guilty. As a general rule, sentences that fall within the statutory range do not violate the constitutional provision regarding excessive punishments. State v. Gladding (1990),66 Ohio App.3d 502, 513, citing McDougle v. Maxwell (1964),1 Ohio St.2d 68, 69. Allen's sentence is also comparable to sentences imposed for similarly situated criminals in the cases cited above. We also note several outstanding aggravating factors cited by the trial court in sentencing Allen, such as the fact that Allen returned to Ohio from California specifically to take part in these crimes and that Allen actually caused physical harm to the victim. Accordingly, Allen's sentence comports with the principles of proportionality and consistency expressed in R.C. 2929.11(B).
 {¶ 24} Allen further argues that his sentence is disproportionate to the three-year sentence received by his co-defendant, Anthony Shanklin. In comparison, Allen emphasizes his immediate cooperation with police after arrest and efforts to help recover the victim's property.
 {¶ 25} In the absence of any evidence in the record of the charges against Shanklin, of Shanklin's role in the crimes, or of Shanklin's criminal background, however, we are unable to draw any conclusions regarding Allen's sentence based on comparison with Shanklin's sentence.State v. Martin, 11th Dist. No. 2002-T-0111, 2004-Ohio-3330, at ¶ 63. Moreover, "[t]here is no requirement that co-defendants receive equal sentences." State v. Lloyd, 11th Dist. No. 2002-L-069, 2003-Ohio-6417, at ¶ 21; Martin, 2004-Ohio-3330, at ¶ 62; State v. Aguirre, 4th Dist. No. 03CA5, 2003-Ohio-4909, at ¶ 50.
 {¶ 26} Allen's first assignment of error is without merit.
 {¶ 27} By leave of this court granted on February 17, 2005, Allen raises the following supplemental assignment of error: "The trial court erred when it sentenced the defendant-appellant to maximum and consecutive sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 28} In Apprendi v. New Jersey (2000), 530 U.S. 466, 490, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely v. Washington (2004), 524 U.S. ___, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403, 413, the Court further held that "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected inthe jury verdict or admitted by the defendant." (Emphasis sic.) The Supreme Court affirmed these principles in United States v. Booker
(2005), 125 S.Ct. 738.
 {¶ 29} This court has previously addressed the issue of whetherApprendi and Blakely apply to consecutive sentencing in Ohio and held that they do not. State v. Taylor, 158 Ohio App.3d 597, 2004-Ohio-5939, at ¶ 26. See, also State v. Stearns, 9th Dist. No. 04CA008515, 2005-Ohio-870, at ¶ 7; State v. Gann, 12th Dist. No. CA2004-01-028, 2005-Ohio-678, at ¶ 16; State v. Abdul-Mumin, 10th Dist. Nos. 04AP-485 and 04AP-486, 2005-Ohio-522, at ¶ 30; State v. Wheeler, 4th Dist. No. 04CA1, 2004-Ohio-6598, at ¶ 23; State v. Madsen, 8th Dist. No. 82399,2004-Ohio-4895, at ¶ 17.
 {¶ 30} Allen argues that our decision in Taylor is contrary toBlakely "since it makes no sense that the United States Supreme Court would grant greater protection an individual facing sentencing on only one crime versus an individual * * * who faces punishment for more than one crime." We disagree. Under the United States Constitution, a defendant is entitled to have every element of the offense against him presented to a jury and proven beyond a reasonable doubt. In re Winship
(1970), 397 U.S. 358, 362; Sixth Amendment to the United States Constitution. These rights, which Apprendi and Blakely vindicate, are enjoyed equally by the defendant sentenced to consecutive sentences as by the defendant sentenced to concurrent sentences. "There is no constitutional right," however, "to concurrent sentences." Stearns,
2005-Ohio-870, at ¶ 7 (citation omitted). Therefore, the imposition of consecutive sentences does not affect the constitutional rights at issue in Apprendi and Blakely.
 {¶ 31} Allen further argues his sentence is invalid since the court's findings, necessary to impose maximum sentences, that Allen committed the worst form of the offense and posed the greatest likelihood of committing future crimes, "had not been admitted to by Mr. Allen nor found by a jury." Again, we disagree.
 {¶ 32} The judicial findings proscribed by the Supreme Court inApprendi and Blakely are factual findings. Eg. Apprendi, 530 U.S. 466
(sentence enhanced because of the fact that it was racially motivated);Booker, 125 S.Ct. 738 (sentence extended because of quantity of drugs);Blakely, 124 S.Ct. 2531 (sentence extended because of the fact that defendant acted with "deliberate cruelty"); Jones v. United States
(1999), 526 U.S. 227 (sentence extended because of the fact that victim suffered "serious bodily injury"). In contrast, the provisions of R.C.2929.14 require a court to consider certain factors in the exercise of its discretion. They are not the sort of factors that the Sixth andFourteenth Amendments require to be submitted to a jury, rather, they "are interposed merely to check the judicial discretion." State v.Murphy, 11th Dist. No. 2003-L-049, 2005-Ohio-412, at ¶¶ 56-60, citingUnited States v. Harris (2002), 536 U.S. 545, 562; State v. Adams,
2003-L-110, 2005-Ohio-1107, at ¶¶ 78-79; State v. Jenkins, 9th Dist. No. 22008, 2005-Ohio-11, at ¶ 19 ("the discretion reserved to trial judges in Ohio illustrates the exercise of discretion, within an indefinite sentencing scheme, as was contemplated by Blakely); State v. Trubee, 3rd Dist. No. 9-03-65, 2005-Ohio-552, at ¶ 36. Ohio's sentencing statutes direct the exercise of the court's discretion, they do not abrogate it.
 {¶ 33} As a result of his convictions for first and second degree felonies, Allen faced possible incarceration of up to ten and eight years, respectively, for each count. R.C. 2929.14(A)(1) and (2). The trial court sentenced Allen within these ranges having determined, in the exercise of its discretion, the seriousness of Allen's offenses and the likelihood of his reoffending. "[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." United States v. Booker, 125 S.Ct. at 750; accordMurphy, 2005-Ohio-412, at ¶ 58.[1]
 {¶ 34} Allen's supplemental assignment of error is without merit.
 {¶ 35} For the foregoing reasons, the January 29, 2004 judgment entry of the Lake County Court of Common Pleas sentencing Allen to twenty-three years incarceration is affirmed.
Ford, P.J., Rice, J., concur.
[1] At oral argument, counsel for Allen cited to the recent United States Supreme Court decision in Shepard v. United States (2005), U.S. S.Ct. No. 03-9168, as authority for the proposition that Ohio's sentencing statute is invalid under Apprendi and Blakely. We disagree.Shephard construes a particular federal statute, the Armed Career Criminal Act, 18 U.S.C. § 924(e), and addresses the narrow issue of what types of evidence a sentencing judge may consider to establish the existence of prior convictions under state statutes for "generic offenses." Apprendi is mentioned by the Supreme Court only in dicta. The Armed Career Criminal Act has no relevance to the issues before this court.