[Cite as *State v. Braunskill*, 2018-Ohio-3738.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :          CASE NO. CA2018-03-006

                                        :          O P I N I O N
- vs -                                             9/17/2018

                                        :

RALPHIELL BRAUNSKILL,                   :

    Defendant-Appellant.                :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2016CR000446


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Ralphiell Braunskill, #A729859, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se


**PIPER, J.**

{¶ 1} Defendant-appellant, Ralphiell Braunskill, appeals a decision of the Clermont County Court of Common Pleas denying his motion for resentencing.

{¶ 2} Braunskill was indicted on multiple counts of drug trafficking, and eventually pled guilty to three counts. The trial court sentenced Braunskill to an aggregate sentence of four years. Braunskill did not appeal his sentence, but later, filed a motion to withdraw his

guilty plea. The trial court denied Braunskill's motion, and he did not appeal that decision. Subsequently, Braunskill filed a motion to vacate judgment, which was also denied by the trial court. Braunskill did not appeal the trial court's decision

{¶ 3} Most recently, Braunskill filed a motion for resentencing, which the trial court denied. Braunskill now appeals the trial court's decision, raising the following assignments of error.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED WHEN THE JUDGE VIOLATED THE CODE OF JUDICIAL CONDUCT.

{¶ 6} Braunskill argues in his first assignment of error that the trial court violated the code of judicial conduct by not maintaining impartiality. In support of his argument, Braunskill cites to the Code of Judicial Conduct, Cannon 1-1.2, which discusses the independence, integrity, and impartiality of the judiciary.

{¶ 7} This court lacks jurisdiction to consider allegations of judicial misconduct instituted pursuant to the Code of Judicial Conduct, as those matters are properly brought before the Disciplinary Counsel. *State v. Coomer*, 12th Dist. Clinton Nos. CA2009-09-016 and CA2009-09-017, 2010-Ohio-3474, ¶ 17. As such, Braunskill's first assignment of error is overruled.

{¶ 8} For ease of discussion, we will address Braunskill's final three assignments of error together, as they are interrelated.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT ERRORED [SIC] IN CONCLUDING THAT A DISMISSAL WITHOUT PREJUDICE, PURSUANT TO CRIMINAL RULE (A), IS NOT A FINAL DETERMINATION OF A DEFENDANT'S RIGHT.

{¶ 11} Assignment of Error No. 3:

- 2 -

{¶ 12}  THE TRIAL COURT ERRORED [SIC] WHEN RESUMING A CASE THAT WAS RESOLVED.

{¶ 13}  Assignment of Error No. 4:

{¶ 14}  THE TRIAL COURT ERRORED [SIC] WHEN DISMISSING CASE NUMBER (0007 CR 2016), WITHOUT COMPLYING WITH THE STATUTORY REQUIREMENTS.

{¶ 15}  In his final three assignments of error, Braunskill essentially argues that the trial court erred in denying his motion for resentencing.

{¶ 16}  The law in Ohio is well-established that "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12.  This includes motions to vacate or correct a sentence.  *State v. Rarden*, 12th Dist. Butler No. CA2013-07-125, 2014-Ohio-564, ¶ 8.  Therefore, where a defendant, subsequent to his or her direct appeal, files a motion seeking to vacate or correct his or her sentence on the basis that his or her constitutional rights have been violated, the motion is a petition for postconviction relief as defined in R.C. 2953.21.  *State v. Watkins*, 12th Dist. Butler No. CA2017-05-066, 2018-Ohio-45.

{¶ 17}  Braunskill's motion claimed a denial of his constitutional rights specific to double jeopardy and asked the court to recognize the judgment as void.  The motion also requested the trial court dismiss the charges that Braunskill claimed were pending against him.  Braunskill's motion, therefore, clearly meets all of the necessary criteria for the trial court to properly recast it as a petition for postconviction relief.  *State v. Wilkins*, 12th Dist. Clinton No. CA2013-05-012, 2013-Ohio-5372, ¶ 10.

{¶ 18}  The mere filing of a motion, properly recast as a petition for postconviction relief, does not automatically require the trial court to hold an evidentiary hearing.  *State v. Suarez*, 12th Dist. Warren No. CA2014-02-035, 2015-Ohio-64, ¶ 10.  Instead, the trial court

properly denies a petition for postconviction relief without holding an evidentiary hearing where the "petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St. 3d 279 (1999), paragraph two of the syllabus.

{¶ 19} The record in the case sub judice lacks any support for Braunskill's claims that he was entitled to resentencing or that his conviction was void. Moreover, we find that Braunskill's properly-recast petition for postconviction relief was untimely and otherwise barred by the doctrine of res judicata.

{¶ 20} According to R.C. 2953.21(A)(2), petitions for postconviction relief must be filed no later than 365 days after the date on which the trial transcript is filed with the court of appeals in the direct appeal, or, if a direct appeal was not pursued, 365 days after the expiration of the time in which a direct appeal could have been filed.

{¶ 21} Braunskill waited to file his petition until January 4, 2018, which is outside the deadline prescribed by R.C. 2953.21(A)(2) given that he was sentenced in October 2016. Although untimely, R.C. 2953.23(A)(1)(a) permits a trial court to entertain an untimely petition so long as the petitioner demonstrates either that (1) he or she was unavoidably prevented from discovering the facts necessary for the claim for relief or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and the petitioner asserts a claim based on that right. *State v. Tringelof*, 12th Dist. Clermont Nos. CA2017-03-015 and CA2017-03-016, 2017-Ohio-7657. If the petitioner is able to satisfy one of these threshold conditions, he or she must then demonstrate by clear and convincing evidence that, but for the constitutional error, no reasonable fact-finder would have found him or her guilty of the offense for which he or she was convicted. R.C. 2953.23(A)(1)(b).

**{¶ 22}** Braunskill has failed to demonstrate either that he was unavoidably prevented from discovering his claim for relief or that his claim arises out of a newly recognized federal or state right, as contemplated by R.C. 2953.23(A)(1)(a). Rather, Braunskill claims that his convictions are void and he has been subjected to double jeopardy based on the way in which he was indicted and later convicted. The facts upon which Braunskill bases his arguments were known to him on the day he entered his guilty pleas and was sentenced. As such, these details do not present newly-discovered evidence. Nor have any federal or state rights become available to Braunskill that would merit consideration of his untimely petition. Instead, Braunskill could have and should have raised his arguments on direct appeal.

**{¶ 23}** The doctrine of res judicata provides that a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial or on appeal from the judgment. *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 10.

**{¶ 24}** Braunskill, who was represented at the time he pled guilty and was sentenced, could have raised his double jeopardy claim by filing a direct appeal. He did not. Therefore, his claims are barred by res judicata and the trial court was proper in denying the petition. *State v. Gann*, 12th Dist. Butler No. CA2004-01-028, 2005-Ohio-678, ¶ 12 (res judicata barred appellant's double jeopardy argument).

**{¶ 25}** Finding no error in the trial court's decision to deny Braunskill's untimely petition for postconviction relief, his final three assignments of error are overruled.

**{¶ 26}** Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.