JOURNAL ENTRY AND OPINION
{¶ 1} On January 7, 2004, the applicant, Joshua Madsen, pursuant to App.R. 26(B), applied to reopen this court's judgment in State of Ohio v. Joshua Madsen, Cuyahoga App. No. 82399, 2003-Ohio-5822, in which this court affirmed Mr. Madsen's convictions and sentences for kidnapping and six counts of rape. On April 5, 2004, the State of Ohio filed its brief in opposition, and on August 13, 2004, Mr. Madsen filed a supplemental proposed assignment of error. For the following reasons, the court denies the application.
 {¶ 2} Mr. Madsen argues that his appellate counsel was ineffective and should have argued the following assignments of error: I. His trial counsel was ineffective for failing to cross-examine witnesses, for failing to make objections, and for failing to investigate, research and prepare, resulting in a complete breakdown of the adversarial process. II. The prosecutor engaged in misconduct by referring to Mr. Madsen's post-arrest silence and his decision not to testify, by denigrating defense counsel and by arguing facts not in evidence. III. The trial court erred in allowing photographs and testimony regarding a damaged car, for which Mr. Madsen was not charged. IV. Mr. Madsen was denied his right to a jury trial because facts which enhanced his sentence were not found by a jury, but by the judge.
 {¶ 3} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington
(1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 4} In Strickland the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'"Strickland, 104 S.Ct. at 2065.
 {¶ 5} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen,77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.
 {¶ 6} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 7} Moreover, appellate counsel is not deficient for failing to anticipate developments in the law or failing to argue such an issue. State v. Williams (1991), 74 Ohio App.3d 686,600 N.E.2d 298; State v. Columbo (Oct. 7, 1987), Cuyahoga App. No. 52715, reopening disallowed (Feb. 14, 1995), Motion No. 55657; State v. Munici (Nov. 30, 1987), Cuyahoga App. No 52579, reopening disallowed (Aug. 21, 1996), Motion No. 71268, at 11-12: "appellate counsel is not responsible for accurately predicting the development of the law in an area marked by conflicting holdings." State v. Harey (Nov. 10, 1997), Cuyahoga App. No. 71774, reopening disallowed (July 7, 1998), Motion No. 90859;State v. Sanders (Oct. 20, 1997), Cuyahoga App. No. 71382, reopening disallowed, (Aug. 25, 1998), Motion No. 90861; Statev. Bates (Nov. 20, 1997), Cuyahoga App. No. 71920, reopening disallowed (Aug. 19, 1998), Motion No. 91111; and State v.Whittaker (Dec. 22, 1997), Cuyahoga App. No. 71975, reopening disallowed, (July 28, 1998), Motion No. 92795.
 {¶ 8} In the present case Mr. Madsen's arguments on ineffective assistance of appellate counsel are not well taken. Generally, he has not shown that what his appellate counsel did argue is weaker than his new proposed assignments of error. Mr. Madsen's appellate counsel raised thirteen assignments of error and then filed a reply brief. Appellate counsel argued evidentiary issues in allowing evidence of other bad acts of sexual activity and physical abuse, allowing hearsay evidence of the cycle of violence in abusive relationships and of the relationship between Mr. Madsen and the alleged victim, and disallowing evidence of the alleged victim's sexually transmitted diseases. They argued ineffective assistance of trial counsel for not objecting to inadmissible evidence including other bad acts, Mr. Madsen's incarceration, hearsay evidence identifying Mr. Madsen as the perpetrator and references to the cycle of violence. They questioned the propriety of the sentence: the six counts of rape should have been merged as allied offenses of similar import and the judge failed to give appropriate reasons and findings for the consecutive sentences. They also argued prosecutorial misconduct for repeatedly eliciting testimony of Mr. Madsen's incarceration. They forcefully argued these issues and zealously represented Mr. Madsen.
 {¶ 9} Specifically, Mr. Madsen argues that his trial counsel's multiple failures resulted in a complete breakdown of the adversarial process. His appellate counsel also contended that trial counsel's multiple errors resulted in a complete breakdown of the adversarial process. However, to the extent that Mr. Madsen points to different failures by trial counsel, those failures were not so obvious and egregious that appellate counsel should have chose those alleged deficiencies over the ones they did choose.
 {¶ 10} Mr. Madsen complains that his trial counsel failed to cross-examine the midwife to highlight her bias as shown by her statement that she came to testify to help the victim. He also argues that trial counsel's cross-examination failed to demonstrate the inconsistencies in the witnesses' testimony as to when in the afternoon the victim's friends came to see her. Mr. Madsen further contends that his trial counsel failed to object to multiple hearsay statements and speculation, and that he failed to prepare, investigate and form a coherent defensive strategy. He argues that his trial counsel bungled the evidentiary issue of the victim's sexually transmitted diseases. Finally, he complains that his trial counsel elicited testimony from the investigating officer on Mr. Madsen's post-arrest silence.
 {¶ 11} In contrast, appellate counsel forcefully argued the sexually transmitted diseases issue as an evidentiary issue and pressed the improper admittance of multiple other acts evidence and of references to Mr. Madsen's incarceration. They focused the hearsay issues on the midwife's and doctor's identification of Mr. Madsen as the perpetrator and on the admission of the cycle of violence testimony. They further specifically argued trial counsel's ineffectiveness in failing to object to the other acts and incarceration testimony and the above-listed hearsay evidence. These issues held the hope of providing sufficient prejudice to obtain a reversal, even more so than trying to show bias or whether a visit occurred at 3:00 p.m. or 5:00 p.m. These were stronger arguments than speculating on what would have been better strategy and tactics or what trial counsel should have done. Additionally, it was obvious that trial counsel's strategy in having the investigating officer recount the investigation was to show the paucity of that investigation. Following the admonition of the Supreme Court in Barnes, this court will not second-guess counsel's professional judgment in selecting the sub-issues of an argument.
 {¶ 12} Next, Mr. Madsen argues prosecutorial misconduct in commenting on Mr. Madsen's refusal to testify and denigrating defense counsel. He also maintains that the prosecutor improperly sought to bolster the victim's testimony and elicited other acts testimony. At trial Mr. Madsen did not testify, but two defense witnesses did. During closing argument the prosecutor commented several times that certain evidence was uncontroverted. Mr. Madsen now argues that such statements necessarily highlighted his decision not testify. He relies upon the rulings of the Seventh Circuit: "We have repeatedly recognized that indirect commentary on a defendant's failure to take the stand can also constitute a violation of the defendant's Fifth Amendment privilege not to testify. A prosecutor's comment that the government's evidence on an issue is `uncontradicted,' `undenied,' `unrebutted,' `undisputed,' etc., will be a violation of the defendant's Fifth Amendment rights if the only person who could have contradicted, denied, rebutted or disputed the government's evidence was the defendant himself." United Statesv. Cotnam (C.A. 7, 1996), 88 F.3d 487, cert. denied (1996),519 U.S. 942, 117 S.Ct. 326, 136 L.Ed.2d 240.[1] However, Ohio courts have not followed the Seventh Circuit on this issue. InState v. Wade (1978), 53 Ohio St.2d 182, 373 N.E.2d 1244, vacated insofar as it leaved undisturbed the death penalty imposed, 482 U.S. 911, 98 S.Ct. 3138, and State v. Lester (Mar. 10, 1982), Clermont App. No. CA-1023, the courts ruled that a prosecutor's remark that evidence was uncontradicted did not constitute comment on the defendant's failure to testify and did not violate the defendant's Fifth Amendment rights. Because this is an unsettled area of the law, appellate counsel was not deficient for not raising the issue.
 {¶ 13} Similarly, appellate counsel in the exercise of professional judgment could properly reject the claims that the prosecutor denigrated defense counsel and his strategy. The court has reviewed the cited portions of the record, and those remarks were not so inflammatory as to be the basis for an assignment of error. Appellate counsel did argue prosecutorial misconduct, and this court will not second-guess counsel's decision to focus that argument on the other bad acts testimony and references to Mr. Madsen's incarceration, over an unsettled area of the law, a weak argument and one reference evaluating the victim's testimony.
 {¶ 14} During the trial the state submitted testimony that after the latter series of rapes Mr. Madsen vandalized a car belonging to a friend of the victim; this included pictures of the car. But the state never charged Mr. Madsen regarding the car. He complains that this evidence was prohibited under Evidence Rule 404 and prejudiced him by showing his propensity to violence. However, appellate counsel fully argued this point.
 {¶ 15} Mr. Madsen's final argument is that the imposition of consecutive sentences violated his right to a jury, because under Ohio law consecutive sentences are conditioned upon certain factual findings made by the judge. R.C. 2929.14 provides in relevant part that in order to impose consecutive sentences the trial judge must find that such sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Additionally, the judge must also find at least one of the following factors: (1) the offender committed the crime while awaiting trial or sentencing, or under some form of judicial sanction, (2) at least two of the offenses were committed as part of a course of conduct, and the harm caused was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the offender's conduct, or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 16} The United State Supreme Court in Apprendi v. NewJersy (2000), 530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348 andBlakely v. Washington (2004), 124 S.Ct. 2531, 159 L.Ed.2d 403,412, ruled that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Thus, Mr. Madsen argues that Ohio's sentencing scheme is unconstitutional, because increasing the penalty through the imposition of consecutive sentences is conditioned upon certain factual findings which are made by the judge and not by the jury.
 {¶ 17} Apprendi and Blakely concern the limitations for punishment for one crime committed. They do not discuss whether the sentences for multiple, separate crimes should be served concurrently or consecutively. Additionally, the decision to sentence concurrently or consecutively has been within the judge's power or within the "prescribed statutory maximum." The Legislature's refinement, regulation or limitation of that power further protects the individual and arguably does not implicate the Sixth Amendment protections. At the very least, this reasoning demonstrates that Mr. Madsen's argument seeks to extendApprendi and is really still a developing issue of the law. Thus, appellate counsel was not deficient for not raising it. This is especially true when appellate counsel in the exercise of professional judgment actually challenged the consecutive sentences on other grounds based on Ohio law. Pursuant toJones, this court will not second-guess that judgment.
 {¶ 18} Accordingly, Mr. Madsen's application to reopen is denied.
Celebrezze, P.J., concurs.
 Calabrese, Jr., J., concurs.
[1] Mr. Madsen's reliance on Combs v. Coyle (C.A. 6, 2000),205 F.3d 269, cert. denied (2000), 121 S.Ct. 623, and Guam v.Veloria (C.A. 9, 1998), 136 F.3d 648, is misplaced because these cases do not involve statements by the prosecutor that the evidence is "uncontroverted."