JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Dedric Hall appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} According to the case, appellant was indicted on November 4, 2003, by the Cuyahoga County Grand Jury. Appellant was indicted in a one-count indictment which charged appellant with robbery. The indictment also contained a notice of prior felony conviction and a repeat violent offender specification. This case received the number CR-444620.
 {¶ 3} On December 17, 2003, appellant entered a plea of guilty to an amended count of breaking and entering in violation of R.C. 2911.13, a felony of the fifth degree. On January 14, 2004, appellant was sentenced to eighteen months of community control sanctions with conditions. On May 3, 2004, the lower court conducted a hearing on appellant's violation of community control sanctions with conditions. Additionally, the lower court sentenced appellant for convictions in CR-449989.
 {¶ 4} While appellant was on community controlled sanctions, he was indicted under another case, CR-449989, where he was indicted with one count of assault and one count of retaliation. Appellant went to trial in CR-449989 and was found guilty as indicated in both counts.
 {¶ 5} On May 3, 2004, appellant appeared for both the case at bar and for sentencing in Case No. CR-449989. In the case at bar, the court held a hearing on whether his conduct in CR-449989 violated the community controlled sanctions imposed. At the hearing, the trial judge found appellant to be in violation of his community controlled sanctions in the case at bar. The court imposed sentences on both cases.
 {¶ 6} In CR-449989, the judge imposed a term of ten months on count one and a concurrent term of four years on count two. The trial judge also found appellant to be in violation of his community controlled sanctions in CR-444620. The judge imposed a sentence of twelve months in CR-444620 and ordered that said sentence run consecutively to the sentence imposed in CR-449989. The sentencing in the probation violation hearing in the case at bar is found at page 206 of the transcript of the appeal of CR-449989. That appeal is presently before this court under CA 84793.
 {¶ 7} On January 21, 2005, appellant's motion to consolidate the instant appeal with Case No. 84793, the appeal from CR-449989, for purposes of oral argument and disposition, was granted. Brief of appellee was filed on November 15, 2004, in CA 84793 (CR-449989).
 {¶ 8} According to the facts, on or about January 22, 2004, Robert Capuano received supervision of appellant's case. Capuano was an employee of the Court of Common Pleas, Probation Department. On January 22, 2004, Capuano went to the Cuyahoga County Jail to meet with appellant in order to instruct him as to the rules of probation and the work release program. As Capuano and appellant discussed the terms of probation, appellant became agitated and stated he did not want to be on probation, participate in the work release program or attend the substance abuse program. Appellant yelled and threatened Capuano with bodily harm.
 {¶ 9} Capuano retreated against the wall and tried to calm appellant down. However, that did not work, and Capuano had to call for correction officers to come and restrain appellant. Appellant testified that Capuano was holding a pen and was in a defensive mode.[1] Appellant denied trying to hurt Capuano, but testified he clinched his fists like the prosecutor said.[2] On cross-examination, appellant testified he fought with another inmate and had been in the hole seventeen to eighteen times. Appellant testified he walked slowly toward Capuano, using profanities, and said that he was going to hurt him.[3]
 {¶ 10} A plea hearing was held on December 17, 2003. Appellee state of Ohio detailed the negotiated plea agreement, whereby appellant would enter a plea to an amended count of breaking and entering in violation of R.C. 2911.13(B), a felony of the fifth degree, with a possible term of incarceration from six to twelve months and a fine of up to twenty-five hundred dollars. The trial court reviewed appellant's rights with him.[4]
The lower court stated the following:
"THE COURT: What you're pleading to is a felony of the fifth degree. It is punishable by six, seven, eight, nine, ten, eleven or twelve months in prison, and/or a fine of up to twenty-five hundred dollars. Do you understand that?
"THE DEFENDANT: Yes."[5]
 {¶ 11} Appellant was remanded to await sentencing after he entered his plea. Later, on January 14, 2004, the sentencing hearing was held. Appellant was sentenced to eighteen months community control sanctions, drug testing and the Cuyahoga County work release program for ninety days. Additionally, the court's sentencing journal entry, journalized January 27, 2004, stated: "Violation of the terms and conditions may result in more restrictive sanctions, or a prison term." Appellee's brief in CA 84793 indicates that on May 4, 2004, appellant was found to have violated the community control sanctions imposed in the instant case and sentenced to twelve months incarceration. Appellant now appeals the lower court's sentence to this court.
 II. {¶ 12} Appellant's first assignment of error states the following: "The trial court denied Dedric Hall of his liberty without due process of law, when it imposed a prison sentence on him for a violation of his community controlled sanctions, as the court lacked the jurisdiction to impose a prison sentence."
 {¶ 13} Appellant's second assignment of error states the following: "Dedric Hall's conviction for felony assault deprived [sic] of his constitutional right to be indicted by a grand jury, as the indictment charging him did not [sic] all of the elements of a felony assault."
 {¶ 14} Appellant's third assignment of error states the following: "Dedric Hall was denied his liberty without due process of law by the consecutive sentences imposed on him, as said sentences do not comport with Ohio's new sentencing scheme and violate his constitutional right to a trial by jury."
 {¶ 15} Because of the substantial interrelation between appellant's three assignments of error, we shall address them together. Appellant argues in his second assignment that his indictment for felonious assault was in error. We do not find this to be the case. The elements of felonious assault are knowingly causing serious physical harm to another. R.C. 2903.11(A)(1). State v. Hammad, Cuyahoga App. No. 85001, 2005-Ohio-1852.
 {¶ 16} R.C. 2903.11(A)(1) states the following:
"§ 2903.11. Felonious assault
"(A) No person shall knowingly do either of the following:
(1) Cause serious physical harm to another or to another's unborn;
(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.
"(B) No person, with knowledge that the person has tested positive as a carrier of a virus that causes acquired immunodeficiency syndrome, shall knowingly do any of the following:
(3) Engage in sexual conduct with another person without disclosing that knowledge to the other person prior to engaging in the sexual conduct;
(4) Engage in sexual conduct with a person whom the offender knows or has reasonable cause to believe lacks the mental capacity to appreciate the significance of the knowledge that the offender has tested positive as a carrier of a virus that causes acquired immunodeficiency syndrome;
(5) Engage in sexual conduct with a person under eighteen years of age who is not the spouse of the offender.
"(C) The prosecution of a person under this section does not preclude prosecution of that person under section 2907.02 of the Revised Code.
"(D) Whoever violates this section is guilty of felonious assault, a felony of the second degree. If the victim of a violation of division (A) of this section is a peace officer, felonious assault is a felony of the first degree. If the victim of the offense is a peace officer, as defined in section 2935.01 of the Revised Code, and if the victim suffered serious physical harm as a result of the commission of the offense, felonious assault is a felony of the first degree, and the court, pursuant to division (F) of section 2929.13 of the Revised Code, shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree. * * *"
 {¶ 17} Appellant argues that he was deprived his constitutional rights because count one of the indictment alleging assault allegedly lacked some elements of felonious assault. Appellant further argues that the element omitted from the indictment involves the reason he was in custody, specifically whether he was in custody after being arrested, charged or convicted for the crime. Therefore, appellant argues such evidence must not have been presented to the grand jury. However, appellant's argument is moot because he failed to raise this issue at the trial court level.
 {¶ 18} It is a well established principle of law in Ohio that a party cannot raise new issues for the first time on appeal. McCarthy, Lebit,Crystal Haiman Co., LPA v. First Union Management, Inc. (1993),87 Ohio App.3d 613, 620; Addyston Village School Dist. Bd. of Ed. v.Nolte Tillar Bros. Constr. Co. (1943), 71 Ohio App. 469.
 {¶ 19} Assuming arguendo that appellant had not failed to raise this issue in the trial court, it would still fail. Appellant was not convicted on a charge different from that found by the grand jury. The indictment alleges an assault upon an employee of the probation department while in the performance of his official duties, on the grounds of a local correctional facility while appellant was under custody in said facility. The omission from the indictment of why appellant was under custody does not change the identity of the crime for which appellant was convicted. Evidence was presented at trial that appellant was under the victim's probation supervision. Appellant testified that he was in the county jail after being sentenced by the trial judge. Appellant was well aware of the circumstances of his crime and custody. The omission did not change the charge from the original grand jury charge. Accordingly, appellant's second assignment of error is overruled.
 {¶ 20} We do not find merit in appellant's first and third assignments of error. The lower court in the case sub judice addressed the required statutory requirements in its rationale. The trial court stated the following:
"The Court has considered the following seriousness factors: The relationship with the victim. In this particular case the Defendant was in fact the Probationer or about to be the Probationer of the County Probation Department, and Mr. Capuano is a member of the County Probation Department; the offender was in fact on probation at the time the offense was committed; the offender was, in fact, on parole at the time the offense was committed; the offender has been previously incarcerated, I believe I counted two prior felonies, it may be three, prior felonies depending upon how we review this probation report; there are obviously prior felonies and there is certainly ample evidence through these exhibits to indicate that the Defendant has not responded well to any sanction whether it be parole, just a minute, post-release control or probation. I believe, in fact, the indication was that the incidents that we had the trial on occurred after the Defendant was placed on probation on a previous case. * * *
"To the extent mercifully no one was hurt, the Court will agree this was not the most serious form of the offense. However, the Court needs to indicate that the shortest term would demean the seriousness of the offense, and in addition, there is no presumption of shortest term. Having said that, I believe Senate Bill 2 leads the court to conclude that it's not the shortest term nor is it the longest term. Then the Court concludes given the Defendant's age, prior record, status on both probation and parole, that the appropriate sentencing of the retaliation count is 4 years, on the assault count 10 months. Those are to run concurrent. Credit for 104 days served. Appellate rights were explained. Will order transcript at State's expense."
 {¶ 21} Appellant further argues that consecutive sentences violate the decisions in Apprendi v. New Jersey (2000), 530 U.S. 466 and Blakely v.Washington (2004) 542 U.S. ___, 124 S.Ct. 2531. In Blakely, a sharply divided Supreme Court applied its previous five-to-four decision inApprendi. See Blakely, 124 S.Ct. at 2536 ("This case requires us to apply the rule we expressed in Apprendi").
 {¶ 22} While Blakely is a recent decision, as it occurs in this case, it is simply an application of Apprendi. Further, neither Apprendi norBlakely address consecutive sentences for multiple offenses; rather, each case addresses maximum sentences within their respective state sentencing statutes.
 {¶ 23} R.C. 2929.14(E)(4) permits a trial court to impose consecutive sentences for multiple offenses upon statutory findings. This court, in the denial of an application to reopen an appeal, determined thatApprendi and Blakely address limitations on punishment for a single offense, not for multiple offenses. State v. Madsen, Cuyahoga App. No. 82399, 2004-Ohio-4895. In Madsen, this court wrote:
"Apprendi and Blakely concern the limitations for punishment for one crime committed. They do not discuss whether the sentences for multiple, separate crimes should be served concurrently or consecutively. Additionally, the decision to sentence concurrently or consecutively has been within the judge's power or within the `prescribed statutory maximum.' The Legislature's refinement, regulation or limitation of that power further protects the individual and arguably does not implicate the Sixth Amendment protections."
Madsen, at paragraph 17.
 {¶ 24} The evidence and the specific facts in the case sub judice involve multiple cases and consecutive sentences; we, therefore, find that Blakely does not apply. Accordingly, appellant's first and third assignments of error are overruled.
 {¶ 25} Appellant's three assignments of error are hereby overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., concurs; Gallagher, P.J., concurs and concurs in judgmentonly. (see separate opinion.)
[1] Tr. 127.
[2] Tr. 129-130.
[3] Tr. 158.
[4] Tr. 6-10.
[5] Tr. 10.
 CONCURRING AND CONCURRING IN JUDGMENT ONLY