OPINION
{¶ 1} Appellant Arthur Swanson appeals the decision of the Ashland County Court of Common Pleas that denied his application for DNA testing. The following facts give rise to this appeal.
 {¶ 2} On November 25, 1998, appellant went to the residence of Elias and Sara Keim, located at 1448 Twp. Rd. 1008, in Ashland County, and robbed them of approximately $60.00. Upon initially approaching the residence, appellant asked Mr. Keim whether he had any eggs for sale. Mr. Keim informed appellant that he would have to check whether they had any extra eggs. Mr. Keim went back into the residence and as he entered the washroom to look for eggs, he noticed that appellant had entered the residence uninvited. After Mr. Keim set the eggs, on a kettle in the washroom, appellant approached him and locked his left arm around Mr. Keim's neck.
 {¶ 3} Appellant told Mr. Keim he wanted all of the money he and Mrs. Keim had in the residence. Mrs. Keim gave appellant the money and appellant immediately ran out of the house. Mr. and Mrs. Keims, as well as their sixteen-year-old son, observed appellant leaving in a long gray car. Thereafter, through the sheriff department's investigation and an anonymous tip, appellant was identified as the suspect. The sheriff's department conducted a search of appellant's residence and discovered clothing that appellant wore on the day of the incident. The sheriff's department also photographed a vehicle, parked in front of appellant's residence, that matched the description of the vehicle used in the crime.
 {¶ 4} On January 4, 1999, the Ashland County Grand Jury indicted appellant on one count of robbery, one count of aggravated burglary and one count of abduction. This matter proceeded to trial on September 2, 1999. At trial, appellant's primary defense was that he was at a friend's house at the time the crime occurred. Following deliberations, the jury found appellant guilty as charged. The trial court sentenced appellant to twenty years imprisonment.
 {¶ 5} Appellant filed a direct appeal, to this Court, which we affirmed on April 20, 2001. See State v. Swanson (Apr. 20, 2001), Ashland App. No. 99-COA-01327. Thereafter, on April 26, 2004, appellant filed an application for DNA testing. Appellant sought to have DNA testing performed on a cigarette butt and hair found at the scene of the crime. The trial court denied appellant's request on February 8, 2005, concluding that "[e]ven if the identification of the Defendant by the victims was not present in this case, which this Court notes such evidence was overwhelming at trial, the absence of the Defendant's DNA on this piece of evidence would not exclude him definitively. In this Court's opinion, the exclusion of the Defendant's DNA from the cigarette would not change the outcome of the trial." Judgment Entry, Feb. 8, 2005, at 1-2.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT EXCLUSIONARY DNA EVIDENCE WOULD NOT BE OUTCOME DETERMINATIVE IN THIS CASE, AND DENYING THE APPLICATION FOR DNA TESTING, DEPRIVING APPELLANT OF HIS RIGHT TO DUE PROCESS OF LAW.
 {¶ 8} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT DNA EVIDENCE TESTING WAS AVAILABLE AT TRIAL IN THIS CASE, WHERE THE EXISTENCE OF THE SUBJECT SAMPLES FOUND AT THE CRIME SCENE WAS WITHHELD FROM THE DEFENSE AT TRIAL."
 I {¶ 9} In his First Assignment of Error, appellant maintains the trial court abused its discretion and denied his right to due process of law when it found that DNA evidence would not be outcome determinative and therefore, denied his application for DNA testing. We disagree.
 {¶ 10} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. It is based upon this standard that we review appellant's assignments of error. In reviewing appellant's application for DNA testing, the trial court reviewed R.C. 2953.73(D), which provides as follows:
 {¶ 11} "If an eligible inmate submits an application for DNA testing under division (A) of this section, the court shall make the determination as to whether the application should be accepted or rejected. * * * The court shall make the determination in accordance with the criteria and procedures set forth in sections 2953.74 to 2953.81 of the Revised Code and, in making the determination, shall consider the application, the supporting affidavits, and the documentary evidence and, in addition to those materials, shall consider all the files and records pertaining to the proceedings against the applicant, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript and all responses to the application filed under division (C) of this section by a prosecuting attorney or the attorney general, unless the application and the files and records show the applicant is not entitled to DNA testing, in which case the application may be denied. * * *"
 {¶ 12} Appellant argues, in support of his application for DNA testing, that if his DNA is not found on the cigarette butt discovered at the crime scene, he could not be convicted of said offenses. We find this argument lacks merits. If DNA testing on the cigarette butt excluded appellant from any connection to the cigarette found near the scene of the crime, one could not conclude that appellant was not at the scene or did not commit said crimes. Instead, it would simply establish that appellant did not smoke the cigarette that was found at the scene of the crime.
 {¶ 13} Further, under R.C. 2953.74(C)(5), in order for a trial court to accept an application for DNA testing, six separate factors must be satisfied by the applicant. One of these factors provides that "* * * if DNA testing is conducted and an exclusion result is obtained, the results of the testing will be outcome determinative regarding that inmate."
 {¶ 14} In the case sub judice, in order for the trial court to find that DNA evidence, on the cigarette butt, was outcome determinative, it would have to disregard all the identification evidence provided at trial by the victims and witnesses. A review of the record establishes that this evidence was substantial and therefore, the trial court did not abuse its discretion when the court determined that DNA testing would not be outcome determinative.
 {¶ 15} Appellant's First Assignment of Error is overruled.
 II {¶ 16} Appellant contends, in his Second Assignment of Error, the trial court erred and abused its discretion when it determined that DNA testing was available, at the time of trial, because the existence of the cigarette butt and hair was not made known to him prior to trial. We disagree.
 {¶ 17} In addressing this assignment of error, we begin our analysis by noting that in State v. Pierce (July 9, 1990), Delaware App. No. 89-CA-30, we held that DNA testing of both inclusion and exclusion is admissible pursuant to Evid.R. 702. Thus, DNA testing was found to be admissible evidence prior to the trial of this matter in 1999. Further, the record indicates that during the discovery process, defense counsel was notified that a cigarette butt was available, for inspection, at the Bureau of Criminal Identification and Investigation. Defense counsel acknowledged that he received this discovery information on February 8, 1999.
 {¶ 18} As to the hair found at the scene, although it was not listed in discovery, for the reasons set forth above, we do not find DNA testing on the hair would be outcome determinative.
 {¶ 19} Appellant's Second Assignment of Error is overruled.
 {¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
By: Wise, J. Boggins, P.J., and Gwin, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
Costs assessed to Appellant.