JOURNAL ENTRY and OPINION
{¶ 1} Defendant-Appellant, William Lorenzi ("Lorenzi"), appeals his sentence. Finding no merit to the appeal, we affirm.
 {¶ 2} On September 21, 2000, Lorenzi was charged with burglary and theft in Cuyahoga County Common Pleas Court Case No. CR-396640. On September 28, 2000, Lorenzi was charged with burglary and theft in Case No. CR-396704. In November 2000, he was charged with burglary, theft, and possession of drugs in Case No. CR-399385. Lorenzi pled guilty to all charges.
 {¶ 3} In December 2000, the trial court imposed an aggregate sentence of fifteen years by sentencing Lorenzi to concurrent terms of five years in prison on each of the three cases, to run consecutively.
 {¶ 4} Lorenzi moved to file a delayed appeal in 2003. We denied that motion and dismissed his appeal. In 2004, he filed a motion to vacate his sentence pursuant to R.C. 2953.08. The trial court denied his motion and this pro se appeal followed, raising four assignments of error. We first address the third assignment of error because we find the issue of res judicata dispositive.
 {¶ 5} In his third assignment of error, Lorenzi argues that his sentence is illegal and the doctrine of res judicata should not apply because the recent decision in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, renders his sentence illegal.[1]
 {¶ 6} The doctrine of res judicata bars further litigation in a criminal case of issues that were raised previously, or could have been raised previously, in an appeal. State v. Leek (June 21, 2000), Cuyahoga App. No. 74338, citing State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus.
 {¶ 7} R.C. 2953.08(A)(4) provides that a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant if that sentence is contrary to law. The statute, however, contains no provision allowing a defendant to file a motion to vacate his sentence in the trial court.
 {¶ 8} Lorenzi previously raised the issue of his sentence when he sought to file a delayed appeal in 2003. He argued then that his sentence was contrary to law because the trial court did not make the requisite statutory findings for consecutive sentences.[2] This court denied him leave to file a delayed appeal. R.C. 2953.08 contains no provision that allows him to then file a motion to vacate his sentence with the trial court.[3] Because Lorenzi previously raised the issue of his sentence, his claims are barred by res judicata.
 {¶ 9} Therefore, the third assignment of error is overruled.
 {¶ 10} Because the doctrine of res judicata bars consideration of Lorenzi's appeal, his other assignments of error involving Blakely are moot. However, we note that this court recently held that neitherApprendi nor Blakely address consecutive sentences for multiple offenses; rather, each case addresses maximum sentences within their respective state sentencing statutes. State v. Hall, Cuyahoga App. Nos. 84793 and 85364, 2005-Ohio-3421. Apprendi and Blakely address limitations on punishment for a single offense, not for multiple offenses. Hall,
supra; State v. Madsen, Cuyahoga App. No. 82399, 2004-Ohio-4895. The evidence and the facts in the instant appeal involve three separate indictments and sentences; therefore Blakely and Apprendi would not apply.
 {¶ 11} Accordingly, we affirm the sentence.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J. concurs;
 Corrigan, J. concurs in Judgment only (See Separate ConcurringOpinion)
[1] In Blakely, the United States Supreme Court held that the "statutory maximum" for sentencing purposes is the maximum sentence that a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. 124 S.Ct. at 2537.
[2] R.C. 2929.14(E)(4) permits a trial court to impose consecutive sentences for multiple offenses upon statutory findings. Lorenzi does not raise this issue in the instant appeal.
[3] We find no merit in the argument that Lorenzi was unable to raise these issues until now because Blakely was decided in 2004. In Blakely,
the United States Supreme Court adopted the holding of Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L. Ed.2d 435. Apprendi
was decided in June 2000, well before Lorenzi was sentenced and before his appeal time had expired.
 CONCURRING OPINION