JOURNAL ENTRY and OPINION
{¶ 1} Defendant-Appellant, Turell Brown ("Brown"), appeals his sentence. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2001, Brown was charged with two counts of aggravated murder with a felony-murder and a firearm specification attached to each count and one count of aggravated robbery with a firearm specification. The matter proceeded to trial in April 2002. During trial, Brown changed his plea and pled guilty to one count of aggravated murder with both the felony-murder and the firearm specifications and one count of robbery. As part of the plea agreement, the parties stipulated to the State's recitation of the facts and evidence and to the finding that the aggravating circumstances did not outweigh the mitigating factors. The parties also agreed to recommend a sentence of twenty-five years to life for aggravated murder, three years for the firearm specification, and an additional minimum two years for the robbery.
 {¶ 3} A three-judge panel convicted Brown and made the additional finding that the aggravating circumstances did not outweigh the mitigating factors, which rendered the death sentence inappropriate.[1]
The panel sentenced Brown to three years on the firearm specification, to run prior to and consecutive with a life sentence for aggravated murder, with parole eligibility in twenty-five years. The panel additionally imposed two years for the robbery, to be served consecutively to the other charges, for a total of thirty years to life in prison.
 {¶ 4} A month after entering his guilty plea, Brown filed a motion to withdraw his guilty plea, which the trial court denied. Brown appealed and this court dismissed his appeal sua sponte because he failed to submit a praecipe as required by Local App.R. 9(B). State v. Brown,
Cuyahoga App. No. 82882. He appealed the dismissal to the Ohio Supreme Court, which declined further review of the case. State v. Brown,100 Ohio St.3d 1423, 2003-Ohio-5232, 797 N.E.2d 92.
 {¶ 5} Brown sought a delayed appeal with this court. We denied his motion and dismissed the appeal. State v. Brown (June 5, 2003), Cuyahoga App. No. 82880.
 {¶ 6} In 2003, Brown filed a second motion to withdraw his guilty plea with the trial court. The court again denied his motion and Brown appealed. We affirmed his conviction and sentence. State v. Brown ("BrownI"), Cuyahoga App. No. 84322, 2004-Ohio-6421.
 {¶ 7} In 2004, Brown filed a motion with the trial court to vacate his sentence. The trial court denied his motion and this pro se appeal followed. In his sole assignment of error, Brown argues that his sentence is contrary to law based on R.C. 2953.08(A)(4) and the recent decision inBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403.[2] We disagree and find that his claim is barred by res judicata.
 {¶ 8} The doctrine of res judicata bars further litigation in a criminal case of issues that were raised previously, or could have been raised previously, in an appeal. State v. Leek (June 21, 2000), Cuyahoga App. No. 74338, citing State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus. The doctrine also stands to prevent repeated attacks on a final judgment. Brown I, supra, citing,Perry, supra.
 {¶ 9} R.C. 2953.08 (A)(4) provides that a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant if that sentence is contrary to law. The statute, however, contains no provision allowing a defendant to file a motion with the trial court to vacate his sentence. State v. Lorenzi,
Cuyahoga App. No. 85811, 2005-Ohio-5718.
 {¶ 10} Brown previously raised the issue of his sentence in Brown I,
supra, in which he argued that his sentence was contrary to law because the trial court did not make the requisite statutory findings for consecutive sentences.[3] We held that his claim was barred by res judicata. Id. R.C. 2953.08 contains no provision that allows Brown to then file a motion to vacate his sentence with the trial court.[4]
Because Brown previously raised the issue of his sentence in Brown I, his claim is again barred by res judicata.
 {¶ 11} Therefore, the sole assignment of error is overruled.
 {¶ 12} Accordingly, we affirm the sentence.
It is ordered that appellee recover of appellant the costs herein taxed.
It is ordered that a special mandate issue from this court to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and Corrigan, J. concur.
[1] R.C. 2945.06 and Crim.R. 11(C)(3) require that a three-judge panel accept a guilty plea to aggravated murder. State v. Green,81 Ohio St.3d 100, 1998-Ohio-454, 689 N.E.2d 556.
[2] In Blakely, the United States Supreme Court held that the "statutory maximum" for sentencing purposes is the maximum sentence that a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. 124 S.Ct. at 2537.
[3] R.C. 2929.14(E)(4) permits a trial court to impose consecutive sentences for multiple offenses upon statutory findings. Brown does not raise this issue in the instant appeal.
[4] We find no merit to Brown's argument that he was unable to raise these issues until now because Blakely was decided in 2004. In Blakely,
the United States Supreme Court adopted the holding of Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L. Ed.2d 435. Apprendi
was decided in June 2000, years before Brown was sentenced or the time to file an appeal had expired. Blakely was decided months before the oral argument in Brown I in 2004.