OPINION
{¶ 1} Defendant-appellant Jerry Waters appeals from the February 14, 2006, Judgment Entry of the Ashland County Court of Common Pleas overruling his Motion to Withdraw Plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 29, 2002, the Ashland County Grand Jury indicted appellant on seven counts of rape in violation of R.C.2907.02(A)(1)(b), felonies of the first degree, two counts of unlawful sexual conduct with a minor in violation of R.C.2907.04(A), felonies of the third degree, and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree. Three separate victims were involved in these charges.
 {¶ 3} Thereafter, on November 4, 2002, appellant entered guilty pleas to three counts of rape, two counts of unlawful sexual conduct with a minor, and one count of gross sexual imposition. On December 9, 2002, appellant was sentenced to ten years on each count of rape, five years on each count of unlawful sexual conduct with a minor and five years on the count of gross sexual imposition. The sentences were ordered to run consecutively, for an aggregate prison term of forty-five years. Appellant was also found to be a sexual predator following a full hearing.
 {¶ 4} Appellant appealed his sentence, arguing that the trial court erred in sentencing him to maximum, consecutive sentences and in sentencing him on counts which were allied offenses of similar impart. Pursuant to an Opinion filed on Aug. 28, 2003 inState v. Waters, Ashland App. No. 03-COA-002, 2003-Ohio-4624, this Court affirmed appellant's sentence.
 {¶ 5} Subsequently, on August 10, 2005, appellant filed a Motion to Withdraw Plea pursuant to Crim.R. 32.1. Appellant, in his motion, argued that, in sentencing him to maximum, consecutive sentences, the trial court "engaged in judicial fact-finding, which is unconstitutional under Blakely [v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531] and would result in a manifest injustice." Pursuant to a Judgment Entry filed on February 14, 2004, the trial court overruled appellant's motion.
 {¶ 6} Appellant now raises the following assignment of error on appeal:
 {¶ 7} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO WITHDRAW PLEA."
 I {¶ 8} Appellant, in his sole assignment of error, argues that the trial court erred in overruling his Motion to Withdraw Plea. We disagree.
 {¶ 9} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 10} In State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324 the Ohio Supreme Court held: "It has been expressly recognized by the weight of authority that a defendant seeking to withdraw a plea of guilty after sentence has the burden of establishing the existence of manifest injustice. United Statesv. Mainer (C.A.3, 1967), 383 F.2d 444. The motion is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court. UnitedStates v. Washington (C.A.3, 1965), 341 F.2d 277, certiorari denied 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89 rehearing denied382 U.S. 933, 86 S.Ct. 317, 15 L.Ed.2d 346. " Id. at 264.
 {¶ 11} As is stated above, appellant filed a Motion to Withdraw Plea on the basis of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531. Upon review, we find that appellant's claim is barred by the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising or litigating in any proceedings, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised . . . on an appeal from that judgment." State v. Perry
(1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104.
 {¶ 12} As is stated above, in the case sub judice, appellant challenged his sentence on direct appeal. Consequently, the doctrine of res judicata bars appellant from raising these issues now. While we note that Blakely was not decided until 2004, which is after appellant was sentenced, as noted by the court inState v. Brown, Cuyahoga App. No. 86017, 2005-Ohio-6023: "InBlakely, the United States Supreme Court adopted the holding ofApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435. Apprendi was decided in June 2000, . . ." Id at footnote 4. Since Apprendi was decided prior to appellant's sentencing in this case and before his appeal time had expired, appellant could have raised such case on direct appeal. However, appellant failed to do so and is now barred by the doctrine of res judicata from raising such claim now.
 {¶ 13} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 14} Accordingly, the judgment of the Ashland County Court of Common Pleas is affirmed.
Edwards, J. Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant.