OPINION
{¶ 1} Defendant-appellant, Gary D. Madden, appeals from a judgment of the Franklin County Court of Common Pleas denying his application for DNA testing brought pursuant to R.C. 2953.71 et seq.
 {¶ 2} A jury convicted appellant in 2001 of 19 counts of rape in violation of R.C. 2907.02, 19 counts of sexual battery in violation of R.C. 2907.03, one count of kidnapping in violation of R.C. 2905.01, and one count of domestic violence in violation of *Page 2 
R.C. 2919.25; the victim was appellant's biological daughter. This court affirmed his convictions on appeal. State v. Madden, Franklin App. No. 01AP-1470, 2002-Ohio-3722.
 {¶ 3} In 2003, appellant filed an application under R.C. 2953.72 to have DNA testing performed on a carpet sample from the area where appellant allegedly ejaculated after sexually assaulting the victim on August 22, 2001. Relying upon R.C 2953.74(B)(1), the trial court denied appellant's application on the basis that "DNA testing was available in the year 2001, DNA testing was generally accepted in 2001, and the defense could have requested pre-trial DNA testing of the carpet" but failed to do so. (Trial court decision, Jan. 15, 2004.) Appellant appealed that decision to this court, but because he did not tender a deposit for costs or provide an affidavit of indigency as required by Loc. R. 3(C), we sua sponte dismissed his appeal on May 3, 2005. (Journal entry of dismissal, Franklin App. No. 05AP-102, May 3, 2005.)
 {¶ 4} On January 29, 2007, appellant filed a second application for DNA testing, which was denied for the same reason as his first application. (Trial court decision and entry, Aug. 7, 2007.) The trial court also noted that appellant's second application presented "nothing new," id., a fact borne out by our review of both motions.[1]
 {¶ 5} Appellant has appealed and brings the following two assignments of error:
 [1.] Whether the trial court erred in rejecting appellant's second application for DNA testing, when the actual "testing" has already been completed and has been available for years.
 [2.] The claim of absolute innocence has been held to always be an issue which can be raised at any time in the United States District Courts by Habeas Corpus Petition, even after *Page 3 
all other issues have been raised on appeal, as long as the State has been given the opportunity to correct its errors.
 {¶ 6} We will address these assignments of error together as they are interrelated. In his first assignment of error, appellant contends that the trial court erred in denying his application on the basis that DNA testing was available at the time of his trial. Appellant's second assignment of error asserts that testing the semen found in the carpet sample would prove his claim of actual innocence, and, therefore, the court erred in denying his application. For several reasons, however, appellant's arguments fail.
 {¶ 7} At the outset, we sua sponte raise the issue of res judicata. A dismissal of an appeal is an adjudication on the merits when a subsequent appeal challenges the same legal basis as that which was advanced in the dismissed appeal. Anderson v. Richards (1962),173 Ohio St. 50, 53-55; Pollock v. Cohen (1877), 32 Ohio St. 514, 519-520;State v. Brown, Cuyahoga App. No. 86017, 2005-Ohio-6023; State v.Lorenzi, Cuyahoga App. No. 85811, 2005-Ohio-5718; State v. Garrett (June 30, 1988), Butler App. No. 88-02-015; Demarco v. Harris (Apr. 28, 1988), Cuyahoga App. No. 53789; State v. Roberts (Jan. 25, 1984), Summit App. No. 11176; see, also, State v. Goff (Utah App. 2001), 2001 Utah App. 363;People v. Core (Ill. 1971), 48 Ill.2d 544, 547. As applied herein, our dismissal of appellant's previous appeal, which challenged the trial court's denial of his first application for DNA testing, triggers the doctrine of res judicata and precludes a merit review of the instant appeal.
 {¶ 8} Even if a full merit review was permissible, appellant would fare no better. R.C. 2953.71 et. seq. governs postconviction DNA testing for eligible inmates whose DNA evidence was not, or could not be, tested in the original felony trial. R.C. 2953.72; State *Page 4 v. Carter, Franklin App. No. 07AP-323, 2007-Ohio-6858, at ¶ 10. The statutory scheme outlines certain factors that must be satisfied before a trial court "may accept" an application for DNA testing by an eligible inmate. See R.C. 2953.74(B) and (C).
 {¶ 9} R.C. 2953.74(B) states that "[i]f an eligible inmate submits an application for DNA testing under section 2953.73 of the Revised Code, the court may accept the application only if one of the following applies":
 (1) The inmate did not have a DNA test taken at the trial stage in the case in which the inmate was convicted of the offense for which the inmate is an eligible inmate and is requesting the DNA testing regarding the same biological evidence that the inmate seeks to have tested, the inmate shows that DNA exclusion when analyzed in the context of and upon consideration of all available admissible evidence related to the subject inmate's case as described in division (D) of this section would have been outcome determinative at that trial stage in that case, and, at the time of the trial stage in that case, DNA testing was not generally accepted, the results of DNA testing were not generally admissible in evidence, or DNA testing was not yet available.
 (2) The inmate had a DNA test taken at the trial stage in the case in which the inmate was convicted of the offense for which the inmate is an eligible inmate and is requesting the DNA testing regarding the same biological evidence that the inmate seeks to have tested, the test was not a prior definitive DNA test that is subject to division (A) of this section, and the inmate shows that DNA exclusion when analyzed in the context of and upon consideration of all available admissible evidence related to the subject inmate's case as described in division (D) of this section would have been outcome determinative at the trial stage in that case.
 {¶ 10} Appellant's case falls within the purview of R.C. 2953.74(B)(1) because the carpet sample was not tested during the trial stage. The third prong of R.C. 2953.74(B)(1)'s criteria requires that at "the time of the trial stage in that case, DNA testing was not generally accepted, the results of DNA testing were not generally *Page 5 
admissible in evidence, or DNA testing was not yet available." The Supreme Court of Ohio recognized DNA testing as generally admissible and generally accepted in State v. Pierce (1992), 64 Ohio St.3d 490 — almost a full decade before appellant's trial in 2001. Thus, appellant could have had DNA testing performed on the carpet at the time of his trial, but he did not do so. Consequently, the trial court properly denied his application on that basis. See, also, State v. Roberts, Guernsey App. No. 2006-CA-02, 2006-Ohio-5018, at ¶ 29, citing State v. Swanson, Ashland App. No. 05 CA 13, 2005-Ohio-5471, at ¶ 17.
 {¶ 11} In addition to the above, appellant is not entitled to postconviction DNA testing because he fails to meet several of the requirements found in R.C. 2953.74(C). As germane to our discussion (and ignoring the issue of res judicata), the trial court could have granted appellant's application for DNA testing only if: (1) the identity of the victim's perpetrator was at issue during trial; and (2) the exclusion results would be outcome determinative. R.C. 2953.74(C)(3) and (5). In this case, however, the identity of the victim's perpetrator was not at issue, but, rather, whether appellant had, in fact, committed the crimes of which he was accused. Additionally, the allegation that appellant ejaculated on the carpet only concerned the incident that took place on August 22, 2001. Given the victim's testimony that appellant sexually abused her on multiple occasions over a roughly two-year period, an "exclusion result" from the DNA testing requested by appellant would hardly be considered "outcome determinative."
 {¶ 12} Further, with respect to appellant's claim of actual innocence, this court has characterized such a claim in a postconviction proceeding as challenging a conviction on manifest-weight grounds. State v.Hoover-Moore, Franklin App. No. 07AP-788, 2008-Ohio-2020, *Page 6 
at ¶ 25, citing State v. Caulley, Franklin App. No. 07AP-338,2007-Ohio-7000, at ¶ 11. Because such a claim should have been, and actually was, raised in appellant's direct criminal appeal from his conviction, res judicata bars appellant from raising it here. We also note that appellant's argument that DNA testing would exonerate him is juxtaposed to his defense at trial, which, in part, emphasized the state's lack of DNA evidence against him. (Tr. at 199.)
 {¶ 13} Lastly, R.C. 2953.73(G) states that "[i]f a court rejects an eligible inmate's application for DNA testing under division (D) of this section, unless the rejection is overturned on appeal, no court shall require the state to administer a DNA test under sections 2953.71 to2953.81 of the Revised Code on the eligible inmate." Thus, the trial court could have used this subsection as an alternate ground for rejecting appellant's second application.
 {¶ 14} Based on the foregoing, both of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
PETREE and KLATT, JJ., concur.
[1] In fact, appellant's second application appears to be a photocopy of his first application. *Page 1